O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:16-CV-01790 (VEB)

MILDRED S. LOMBERA,

              Plaintiff,                    DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

              Defendant.

## I. INTRODUCTION

In June of 2012, Plaintiff Mildred S. Lombera applied for Disability Insurance benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorney, Joel D. Leidner, Esq. commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

1  The parties consented to the jurisdiction of a United States Magistrate Judge.
2  (Docket No. 11, 12). On September 7, 2016, this case was referred to the
3  undersigned pursuant to General Order 05-07. (Docket No. 22).

4

5  ## II. BACKGROUND

6  Plaintiff applied for disability insurance benefits on June 1, 2012, and SSI
7  benefits on June 15, 2012, alleging disability beginning on May 20, 2007. (T at 16).[1]
8  The applications were denied initially and on reconsideration.  Plaintiff requested a
9  hearing before an Administrative Law Judge ("ALJ").

10  On July 14, 2014, a hearing was held before ALJ David G. Marcus. (T at 38).
11  Plaintiff appeared with her attorney and testified. (T at 43-54).  The ALJ also
12  received testimony from a vocational expert. (T at 55-57).

13  On August 29, 2014, the ALJ issued a written decision denying the
14  applications for benefits.  (T at 10-27).  The ALJ's decision became the
15  Commissioner's final decision on February 22, 2016, when the Appeals Council
16  denied Plaintiff's request for review. (T at 1-6).

17  On March 16, 2016, Plaintiff, acting by and through her counsel, filed this
18  action seeking judicial review of the Commissioner's denial of benefits. (Docket No.

19

20  [1] Citations to ("T") refer to the administrative record at Docket No. 15.

2

DECISION AND ORDER – LOMBERA v COLVIN 2:16-CV-01790

1). The Commissioner interposed an Answer on May 23, 2016. (Docket No. 14). Plaintiff filed a motion for summary judgment with supporting memorandum of law on June 20, 2016. (Docket No. 16)  The Commissioner filed a motion for summary judgment with supporting memorandum of law on August 17, 2016. (Docket No. 20)  Plaintiff filed an opposing memorandum of law on August 22, 2016. (Docket No. 21).

After reviewing the pleadings, memoranda of law, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

### III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20

DECISION AND ORDER – LOMBERA v COLVIN 2:16-CV-01790

1  C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

2  functional capacity (RFC) is considered. If the claimant cannot perform past relevant

3  work, the fifth and final step in the process determines whether he or she is able to

4  perform other work in the national economy in view of his or her residual functional

5  capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v),

6  416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

7  The initial burden of proof rests upon the claimant to establish a *prima facie*

8  case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

9  Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden

10  is met once the claimant establishes that a mental or physical impairment prevents

11  the performance of previous work. The burden then shifts, at step five, to the

12  Commissioner to show that (1) plaintiff can perform other substantial gainful

13  activity and (2) a "significant number of jobs exist in the national economy" that the

14  claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

15  **B.    Standard of Review**

16  Congress has provided a limited scope of judicial review of a Commissioner's

17  decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

18  made through an ALJ, when the determination is not based on legal error and is

19  supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

20  1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

DECISION AND ORDER – LOMBERA v COLVIN 2:16-CV-01790

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]  may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d

432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 20, 2007, the alleged onset date, and met the insured status requirements of the Social Security Act through December 31, 2015 (the "date last insured"). (T at 18).

The ALJ found that Plaintiff's pulmonary fibrosis and history of asthma; degenerative changes of the lumbosacral spine; disc protrusion of the thoracic spine; and degenerative changes of the cervical spine were "severe" impairments under the Act. (Tr. 18).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 19).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift/carry 20 pounds occasionally and 10 pounds frequently; stand/walk for 2 hours in an 8-hour workday and sit for 6 hours; and could occasionally bend,

stoop, and twist; but was precluded from working around pulmonary irritants and was precluded for exposure to conditions of extreme heat or cold. (T at 19).

The ALJ found that Plaintiff could not perform her past relevant work as a fast food manager. (T at 21).  Considering Plaintiff's age (38 years old on the alleged onset date), education (limited), work experience, and residual functional capacity, the ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 21).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between May 20, 2007 (the alleged onset date) and August 29, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 22-23).  As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

## IV. ANALYSIS

Plaintiff offers a single argument in support of her request for reversal of the denial of benefits.  Plaintiff challenges the ALJ's credibility determination, asserting that the ALJ improperly discounted her complaints of constant coughing.

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d

8

1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified, in pertinent part, that she coughs when in the presence of carpeting, extremes of temperature, smoke, "aroma," and when she walks. (T at 47). She also experiences coughing when she does household chores, walks, or stands up "for a long time." (T at 48-49). Coughing sometimes interferes with her concentration. (T at 50). She coughs "all the time." (T at 50). A rescue inhaler provides some relief, but Plaintiff sometimes needs to lie down. (T at 51). The constant coughing prevents her from working. (T at 53).

DECISION AND ORDER – LOMBERA v COLVIN 2:16-CV-01790

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 20).

The ALJ recognized Plaintiff's respiratory impairments, but concluded that she could nevertheless perform work consistent with the RFC determination, which included a finding that Plaintiff was precluded from working around pulmonary irritants and conditions of extreme cold or heat. (T at 19-20).  Plaintiff argues that this finding was insufficient and that the ALJ should have credited her testimony and found her constant coughing disabling.

For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.  The ALJ carefully reviewed the evidence, which supports the RFC determination and decision to discount Plaintiff's credibility.

For example, in December of 2011, Dr. B.N. Chabra, a treating physician, opined that Plaintiff could return to modified work, including her previous occupation as an assistant manager. (T at 527).  Dr. Concepcion Enriquez performed a consultative examination in September of 2012.  Dr. Enriquez opined that Plaintiff could occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds; stand/walk with normal breaks for 2 hours in an 8-hour work day; and sit with

DECISION AND ORDER – LOMBERA v COLVIN 2:16-CV-01790

normal breaks in an 8-hour workday. (T 397).  Dr. Enriquez concluded that Plaintiff needed to avoid exposure to extreme temperatures and irritants such as dust, chemicals, and fumes. (T at 397).

In October of 2012, Dr. G. Taylor-Holmes, a non-examining State Agency review physician, concluded that Plaintiff was not disabled and essentially adopted Dr. Enriquez's findings. (T at 63-66).  In May of 2013, Dr. J. Berry, another State Agency review physician, reviewed the medical record and affirmed Dr. Taylor-Holmes's findings. (T at 86-89).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also noted that Plaintiff made inconsistent statements, which detracted from her credibility.   Plaintiff testified that she was able to care for her three children, drive, attend to light cleaning, prepare foods, and do the laundry. (T at 52).  Plaintiff is able to complete these tasks, despite her coughing, albeit at a

DECISION AND ORDER – LOMBERA v COLVIN 2:16-CV-01790

1  slower pace. (T at 52).  Treatment notes described Plaintiff as exercising three to

2  four times per week at a moderate activity level. (T at 21, 275, 293, 298).

3      When assessing a claimant's credibility, the ALJ may employ "ordinary

4  techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217,

5  1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.

6  1996)). Activities of daily living are a relevant consideration in assessing a

7  claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

8  Although the claimant does not need to "vegetate in a dark room" to be considered

9  disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount

10  a claimant's testimony to the extent his or her activities of daily living "contradict

11  claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-

12  13 (9th Cir. 2011).

13      For the reasons outlined above, this Court finds no reversible error with regard

14  to the ALJ's credibility determination, which is supported by substantial evidence.

15  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)("If the ALJ's

16  credibility finding is supported by substantial evidence, the court may not engage in

17  second-guessing.").

18                          **V. CONCLUSION**

19      After carefully reviewing the administrative record, this Court finds

20  substantial evidence supports the Commissioner's decision, including the objective

medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 21th day of November, 2016

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – LOMBERA v COLVIN 2:16-CV-01790